IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HOSEA J. DUMAS                                              PLAINTIFF

          v.          Civil No. 06-1022

JO ANNE B. BARNHART, Commissioner,
Social Security Administration                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Hosea J. Dumas, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act.  The Court has before it the brief of the Plaintiff (Doc. 8), brief of the Commissioner (Doc. 9), and the transcript of the Social Security proceedings.

**Procedural Background**.

Plaintiff filed his application for DIB on September 28, 2004.  (Tr. 47-49).  Plaintiff alleged a disability onset date of June 15, 2000, because of heart attacks, congestive heart failure, and pulmonary edema (Tr. 69).  Plaintiff's application was denied initially and on reconsideration.  (Tr. 26-28, 35-37).  On August 31, 2005, a video teleconference was held at Plaintiff's request.  Plaintiff was represented by counsel, and a vocational expert (VE) appeared and testified (Tr. 215-235).

In a December 12, 2005 Opinion, the ALJ found Plaintiff's severe congestive heart failure, relating to ischemic heart disease and hypertension, was a "severe" impairment, but that no evidence existed prior to his date last insured (DLI), June 30, 2003, to show the existence of an impairment or combination of impairments that was medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 (Tr. 14, Finding 3).

The ALJ determined that prior to Plaintiff's DLI[1] on June 30, 2003, he retained the residual functional capacity (RFC) to perform medium work, and his past relevant work as a shipping manager did not require the performance of work-related activities precluded by his limitations (Tr. 14, Findings 5 & 6). On February 7, 2006, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner (Tr. 3-5). Plaintiff seeks judicial review of the Commissioner's decision.

**Evidence Presented**.

At the hearing before the ALJ, Plaintiff testified he was sixty-three years old and attended school through fifth or sixth grade. Plaintiff indicated he last worked within the shipping department of a light bulb manufacturing company, but he stated he began to work for a temporary agency doing various odd jobs.

---

[1]    Based on the Plaintiff's earnings record, the ALJ determined that Plaintiff had sufficient quarters of DIB coverage to remain insured through June 30, 2003 (Tr. 11, 52). See 20 C.F.R. § 404.130.

Plaintiff maintained he did this so he could "be in control of it," and if the temporary agency called him for work he could decline if he did not "feel like it." (Tr. 228-229).

Plaintiff's alleged date of onset is June 15, 2000. Plaintiff was unable to provide medical evidence of any heart problems prior to his emergency room visit in August 2004. (Tr. 215-235). Plaintiff stated he lived in Connecticut[2] until his return to Camden, Arkansas, in May 2004. (Tr. 215 & 228). Plaintiff indicated he received treatment and prescriptions for high blood pressure and continued that medicine throughout his stay in Connecticut, but the treating doctor died before Plaintiff's application was filed. (Tr. 215-235). However, Plaintiff was unable to provide the location or name of any clinic or hospital that treated him prior to 2004. (Tr. 224).

At the hearing, Plaintiff reported difficulties with climbing stairs, focusing, feeling tired, breathing, pains in the joints and bones, and nausea. (Tr. 215-235). Plaintiff's earnings record showed as follows: in 1999, Plaintiff earned $3,100; in 2000, only $1,800; and zero from 2001 forward. (Tr. 229). In July 2004, Plaintiff began drawing Social Security benefits, which are scheduled to increase in amount when Plaintiff reaches age 65. (Tr. 230-231).

---

[2]     Plaintiff never stated when he moved to Connecticut, but he worked for Light Sources Inc., in Connecticut, beginning in 1989.

Also appearing before the ALJ was a Vocational Expert (VE) who indicated that Plaintiff's shipping manager occupation resembled a warehouse worker more than an actual shipping manager. Warehouse worker is classified as unskilled medium work, whereas shipping manager is deemed skill work at the light level. (Tr. 233-234).

**Applicable Law**.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of

-4-

the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and prevents him from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require application of a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet(s) or equal(s) an impairment in the listings; (4) whether the impairment(s) prevent(s) the claimant from doing past relevant work; and, (5) whether the claimant is able to perform

other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**Discussion**.

The ALJ was required to consider all evidence related to Plaintiff's subjective complaints, including evidence that related to the following: (1) plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984). An ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, but may discount those complaints where inconsistencies appear in the record as a whole. *Id*. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart,* 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the record, the Court finds the ALJ adequately evaluated the factors set forth in *Polaski*, and concluded there is substantial evidence supporting his determination that plaintiff's complaints were not fully credible. The testimony presented at the hearing and the medical evidence contained in the record are not consistent with plaintiff's allegations that disability existed prior to June 30, 2003. Plaintiff argues the ALJ focused too heavily on the fact that no medical evidence was available to support Plaintiff's alleged condition prior to June 30, 2003. (Doc. 8). Because medical records were not available for that time period, the Court finds the ALJ was unable to consider any Polaski factors other than Plaintiff's daily activities. There is no record to provide for aggravating factors, medication complications or benefits, or other functional restrictions that might have been recommended by a physician.

As the ALJ found, Plaintiff carries the burden of proving he was disabled prior to June 30, 2003, in order to be eligible for disability benefits. (Tr. 11-12). To qualify for Title II disability benefits, disability must be established as of the date last insured. *Pyland v. Apfel*, 149 F.3d 873, 876 (8th Cir. 1998).

There is no evidence Plaintiff was regularly seeking medical care prior to DLI. *See Kisling v. Chater*, 105 F.3d

-7-

1255, 1257 (8th Cir. 1997) (holding that the lack of medical evidence supporting a claimant's subjective complaints is a factor that supports the discounting of such complaints). Plaintiff testified he spent much of his savings on medical examinations in order to assess the cause of his health problems, however he could not provide any identifying information of the doctors or clinics that treated him. Plaintiff openly stated he had no proof of treatment for his health problems aside from high blood pressure, for which he continued to take a prescription medication.   Plaintiff's attorney was asked by the ALJ if he would like to leave the case open in order to find medical evidence to support Plaintiff's position, and the attorney stated he did not think "there's any medical to get." (Tr. 234).

Plaintiff's subjective complaints are also not consistent with evidence regarding his daily activities. Plaintiff alleged he was significantly limited in all exertional activity due to pain and weakness. However, there is no evidence this was true prior to June 30, 2003. Also, in Exhibit 1E, the claimant reports he is still able to perform all self-care, and drive a car (including unfamiliar routes). (Tr. 13).

Allegations of disabling pain may be discredited by evidence of daily activities inconsistent with alleged level of pain. *Gray v. Apfel*, 192 F.3d 799, 804 (8th Cir. 1999)

(plaintiff's ability to care for himself, do household chores, drive a car short distances, and perform other miscellaneous activities was inconsistent with his subjective complaints); *Pena v. Cater*, 76 F.3d 906, 908 (8th Cir. 1996) (ALJ properly discounted claimant's subjective complaints on the basis that claimant was able to care for child, drive car, and sometimes go to grocery store); *Johnston v. Halala*, 42 F.3d 448, 451 (8th Cir. 1994) (claimant's ability to read, watch television and drive indicated her pain did not interfere with her ability to concentrate; claimant's visits with her children indicated she could engage in some social functioning).

The ALJ assessed the plaintiff's residual functional capacity (RFC), the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's

determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id.*

In the present case, the ALJ considered a RFC assessment from the vocational expert, plaintiff's subjective complaints, and his medical records. The ALJ determined that at all times prior to DLI, Plaintiff was able to perform at the medium work level. Based on the medical evidence and plaintiff's daily activities the Court finds substantial evidence supports the ALJ's RFC determination.

**Conclusion**.

For the reasons stated above, the Court finds the Commissioner's decision properly supported and is **AFFIRMED**. Plaintiff's case is hereby DISMISSED WITH PREJUDICE and a separate judgment in accordance with the above will be entered.

Dated this 19th day of January 2007.

/s/ Robert T. Dawson
HONORABLE ROBERT T. DAWSON
UNITED STATES DISTRICT JUDGE